UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IASIA SIMPSON,

        Plaintiff,

        -v.-

NEW YORK PRESBYTERIAN HOSPITAL,

        Defendant.

22 Civ. 10629 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that Defendant discriminated against her based on her religion. The Court construes Plaintiff's allegations as also asserting related state-law claims. *See McLeod* v. *Jewish Guild for the Blind*, 864 F. 3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. #3).

**DISCUSSION**

**A.    Service on Defendant**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]

---

[1]    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and complaint until the Court

*Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant New York Presbyterian Hospital through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for New York Presbyterian Hospital, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

SO ORDERED.

Dated:  January 5, 2023
        New York, New York

                                       KATHERINE POLK FAILLA
                                       United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York Presbyterian Hospital
622 West 168th Street
New York, New York 10032